**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| GREGORY MARSHALL, #183-459, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-16-2091 |
| DR. ROBUSTIANO A. BAREER, Medical<br>  Administrator for WCI | * | |
| JANICE GILMORE, Medical Regional<br>  Administrator for WCI | * | |
| WARDEN RICHARD J. GRAHAM, Jr. | * | |
| Defendants | * | |

***

## MEMORANDUM

Gregory Marshall, a Maryland Division of Correction prisoner housed at North Branch Correctional Institution, seeks injunctive relief mandating his placement in a single cell.  He named two medical administrators and the warden at his place of confinement, Western Correctional Institution ("WCI").  Marshall alleges that he fears assault from a cell partner due to odor caused by stool leakage as a result of his medical condition.  (ECF 1)  In addition to the complaint, Marshall provides a motion for leave to proceed in forma pauperis.  (ECF 2).

Marshall, a self-represented litigant who has repeatedly filed complaints subject to dismissal under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), is barred generally from civil filings under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).[1]  For reasons to follow, dismissal of the complaint without prejudice is appropriate under the "three strikes" provision.

---

[1] *See Marshall v. Lanham*, No. AW-97-990 (D. Md. 1997); *Marshall v. Corr. Center of Howard Cnty.*, No. AW-97-2536 (D. Md. 1997); and *Marshall v. Kemmerer*, No. AW-02-2133 (D. Md. 2003).

**Analysis**

Because Marshall has "three strikes" under the PLRA, he is not permitted to file a civil action unless he pays the full filing fee or proves he is under imminent danger of serious physical injury.  Marshall has not paid the filing fee.  Aside from his self-serving and speculative claim that he may be injured if not provided a single cell, Marshall does not demonstrate that he is in imminent danger of serious physical harm.

Federal courts have long  recognized that the grant of interim equitable  relief  is an "extraordinary remedy involving the exercise of a very far-reaching power."  *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991).  A plaintiff seeking such relief must establish that he is "likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. National Resource Defense Council, Inc.*, 555 U.S. 7, 20 (2008).  All four of these requirements must be established in dependently before injunctive relief  can be granted.  *See The Real Truth About Obama, Inc., v. Federal Election Commission*, 575 F.3d 342, 346 (4th  Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th  Cir. 2010) (per curiam).

The second *Winter* factor is dispositive here: Marshall has not demonstrated that he is in imminent danger, merely that he fears he may be assaulted.  Further, in light of the recent decision in *Marshall v. Ashraf, et al.,* Civil Action No. GLR-15-2108 (D. Md.) (ECF 14). (Order of March 30, 2016), Marshall is not likely to succeed on the merits.  It would offend due process were the court to wield its equitable power under these circumstances; it declines to do so.

For these reasons, a separate order shall be entered denying in forma pauperis status and dismissing the case without prejudice.[2]


Date:  July 26, 2016                                    _____/S/_____
                                                        Catherine C. Blake
                                                        United States District Judge

---

[2] Marshall may of course refile the action and pay the full $400 filing fee at the time of filing.